## SHARON.

The petitioners against an election having offered to prove, before the committee, that at the meeting when the same took place, the poll was not kept open two hours; but not having made any allegation in the petition to that effect, the committee were of opinion, that the objection came too late.

A person over seventy years of age, who is the owner of taxable property, which the assessors, in their discretion, exempt from taxation, on account of the age and poverty of the owner, is not entitled to vote, within the exception contained in the third article of the amendments to the constitution.

THE election of Erastus Richards, returned a member from Sharon, was controverted by Joel Potter and others, on the following grounds, namely, that at the election in that town, when the sitting member was chosen, three persons, neither of whom was lawfully entitled to vote, were permitted to vote, and did vote for the sitting member; that four persons, all of whom were lawfully entitled to vote, and would have voted against the sitting member, were not permitted to vote; and that had not the selectmen received the votes of the three persons who were not legally entitled to vote, and had they permitted either of the four persons to vote who were legally entitled to vote, the said Richards would not have had a majority of all the votes.

It appeared from the record of the meeting, that the whole number of ballots was two hundred and twenty-four, of which one hundred and thirteen were necessary to a choice; and that Erastus Richards had one hundred and fourteen, and was declared to be elected.

The case being referred to the committee on elections, much evidence was given on both sides at the hearing, and reported at length by the committee; but being summed up in their report, it is not necessary to be here stated.

The petitioners also offered to prove, that " the time of opening the poll was not mentioned in the warrant, and that the poll was not kept open two hours;" but inasmuch as these allegations were not set forth in the petition, nor contained in the specifications, the committee were of opinion that they came too late, and could not now be considered.

The committee, upon the evidence in the case, came to the following conclusions :—

" The petitioners having admitted, that, to make out a case, and to show that the sitting member from the town of Sharon was not entitled to a seat in the house of representatives, they must prove to the satisfaction of the house, that he received at least one vote from a person who was not a legal voter, and had no right to vote; and that three persons at least were not permitted to vote who had a legal right so to do; and also, that, had they been permitted to vote, they would have voted against the sitting member. In weighing the evidence as to the first point, to wit: that one or more persons were permitted to vote who had no right to vote in that election, after an elaborate and able argument of the counsel who appeared for the petitioners, the committee had no difficulty in coming to the unanimous opinion, that both of the persons, whose right to vote in this election was called in question by the petitioners, were, to all intents and purposes, legal and constitutional voters. This being the opinion of the committee, the case of the petitioners fails, they not having attempted to show, that more than three persons were deprived of the privilege of voting, who had all the legal and constitutional qualifications of voters, and attempted to exercise that privilege by tendering their ballots on that occasion; the sitting member having had four votes over all other candidates voted for. Had the three persons, who were not permitted to vote, voted on that occasion, in opposition to the sitting member, still he would have had a majority of all the votes polled, and would consequently have been entitled to his seat.

The committee might here stop, and forbear giving an opinion, which would have been a more liberal extension of the right to exercise the elective franchise, than has heretofore prevailed, were it not for the opinion of the justices of the supreme judicial court, as reported in the supplement to the eleventh volume of Pickering's Reports.

But the committee, nevertheless, at the request of the parties in interest in this case, are induced to offer an opinion as to the right which Jason Gay, Edmund French, and Joseph Cummings had to vote in the election of the 28th of November last.

It was admitted on all sides, that Jason Gay was over seventy years of age, and had no taxable property; he therefore was a legal voter.

Edmund French was more than seventy years of age, was in possession of an estate, which, from his own showing, yielded an income of eleven dollars per year, and would rent for 'a dozen or fifteen dollars more.' Either one-half or one-third of said estate was his in right of his wife, during the life-time of his wife, he having no children by her. This estate was not taxed by the assessors of the town, and had not been taxed for several years, and was omitted to be taxed, as testified to by the assessors, by reason of the age and poverty of the occupant; they not even taxing the non-resident owners of the other shares held in common with the said French.

This case comes clearly within the rule, laid down by the justices of the supreme judicial court, as above referred to; it also comes within the rule, as laid down in a report of a committee of the house, composed of the members of the committee on the judiciary and the committee on matters of probate and chancery, 1840, (*ante*, 413,) which was in substance, that, ' persons more than seventy years of age, having taxable property, which the assessors, in their discretion, exempt from taxation, by reason of age, infirmity, or poverty, are not entitled to vote in such elections.'

The committee, therefore, however reluctantly, are compelled to an opinion, that the said French was not a legal voter at the November election.

Joseph Cummings was also more than seventy years of age; had not been taxed for several years; about nineteen years ago, he gave a deed to his son of his real estate in said Sharon, and took a bond for a support through life; the property was afterwards sold by his son, for $1500. He had no income, which could be taxed; he had a mere support, so that he should not be chargeable to the town. Having therefore no taxable property, and being more than seventy years of age, the said Cummings, in the opinion of the committee, was a legal voter at the election in November last.

The committee are of opinion, that the right of voting for state officers, under the constitution and laws, as they now exist in this commonwealth, is intended to depend on the payment of a poll-tax, and not on the payment of taxes on the estate of which a citizen may be possessed. This opinion is drawn from the fact, that no property qualification is required to constitute a voter. When, therefore, the law exempts a man from paying a poll-tax, whether it shall be at the age of seventy, sixty, or fifty years, from the time he shall be so exempted, he has as much a receipt for his poll-tax, for every year after he shall be so exempted, as though he had a receipt in his pocket, from the collector, for a tax duly assessed (provided he is not a town pauper), and should therefore be permitted to exercise the right of voting, in all state elections, whenever he may choose so to do.

The committee, entertaining these views of the meaning of the constitution and laws, as to taxation, would have reported that the vote of Mr. French should have been received; but, inasmuch as they cannot do so, without acting against the opinion of the justices of the supreme judicial court, before referred to, they report that the vote of Mr. French was properly excluded.

In view of the whole matter, the committee are of opinion, that Erastus Richards, the sitting member from the town of Sharon, was duly and legally elected, and therefore that the petitioners have leave to withdraw their petition."

The house agreed to the report, and the petitioners accordingly had leave to withdraw.[1]

[1] 65 J. H. 280, 288, 366, 386.